IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR MILBOURNE, | : | Civil No. 3:25-cv-719 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by Victor Milbourne ("Milbourne"), an individual confined at the Federal Detention Center, Philadelphia, Pennsylvania ("FDC-Philadelphia"). The Court has conducted preliminary review and, for the reasons set forth below, has concluded that dismissal of the petition is warranted. See R. GOVERNING § 2254 CASES R. 4, 1(b).[1]

### I. Background

Milbourne is a federal criminal detainee currently incarcerated in FDC-Philadelphia. (Doc. 1). In August of 2022, a grand jury sitting in the Eastern District of Pennsylvania returned a 24-count indictment against Milbourne, charging him with ten counts of wire

---

[1] See R. GOVERNING § 2254 CASES R. 4, which provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R. 1(b).

fraud, in violation of 18 U.S.C. § 1343, ten counts of theft of government funds, in violation of 18 U.S.C. § 641, one count of false, fictitious, or fraudulent statement, in violation of 18 U.S.C. § 1001(a)(2), and three counts of bankruptcy fraud, in violation of 18 U.S.C. § 152(3). *United States v. Milbourne*, No. 2:22-cr-282, Doc. 1 (E.D. Pa.). He is currently awaiting trial in the Eastern District of Pennsylvania. *Id.*, Doc. 119.

In the instant § 2241 habeas petition, Milbourne claims that he "is being unconstitutionally held by a court 'not of record'" and that "Respondents gathered a biased statutory jury." (Doc. 1, at 1).

## II. Discussion

Milbourne seeks to bring a habeas petition challenging actions taken in his underlying federal criminal proceedings. (Doc. 1). Because Milbourne's criminal proceeding is in the Eastern District of Pennsylvania and he is confined in the Eastern District of Pennsylvania, this Court does not have jurisdiction over his § 2241 petition as he is not presently housed in this judicial district. *See Jennings v. Holt*, 326 F. App'x 628, 630 (3d Cir. 2009) ("A § 2241 petition must be filed in the district where the petitioner is confined") (citing 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)); *see also* 28 U.S.C. §§ 2242, 2243 (providing that the proper respondent to a habeas petition is the person who has custody over the petitioner). The Court will therefore dismiss the habeas petition for lack of jurisdiction.

2

The Court further notes that, although § 2241 has the capability of providing a jurisdictional basis for a challenge to confinement which is alleged to be in violation of the Constitution prior to trial or a sentence, it does not follow that the habeas statute may be used to circumvent criminal motion practice or a direct appeal of a criminal defendant's conviction. See *Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 246 (3d Cir. 2018). As the Third Circuit has explained,

> [E]ven in cases where the habeas court has the authority to grant relief, it must consider "whether this be a case in which that power ought to be exercised." [*Munaf v. Geren*, 553 U.S. 674, 693 (2008).] ...
>
> Courts have consistently refused to exercise their habeas authority in cases where federal prisoners have sought relief before standing trial. Instead, courts have long stressed that defendants should pursue the remedies available within the criminal action. See, e.g., *Jones v. Perkins*, 245 U.S. 390, 391 [ ] (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547, 551 [ ] (1905) (vacating order granting habeas relief to federal pretrial detainees because there was "nothing in this record to disclose that there were any special circumstances which justified a departure from the regular course of judicial procedure" of pretrial motions and, if necessary, appeal); see also *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017) (adopting "the general rule that § 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial").[ ]
>
> Funneling requests for pretrial relief through the criminal action encourages an orderly, efficient resolution of the issues, maintains respect for the appellate process, and prevents duplication of judicial work and judge-shopping. See *United States v. Addonizio*, 442 U.S. 178, 184 n. 10 [ ] (1979) (explaining that "the writ of habeas corpus should not do service for an appeal," and that "[t]his rule must be strictly observed if orderly appellate

procedure is to be maintained"[ ]); *see also Medina*, 875 F.3d at 1028-29 (identifying similar interests).

We relied on this rationale in *Government of Virgin Islands v. Bolones*, 427 F.2d 1135 (3d Cir. 1970) (*per curiam*), to affirm the District Court's denial of pretrial habeas petitions filed by federal defendants. We rejected the defendants' challenges to their arrest and interrogation on the ground that a pretrial motion in the criminal case, "rather than their petition for writs of habeas corpus, provides the appropriate avenue of relief before trial." *Id.* at 1136. We similarly held that the defendants' claim that they had been denied a speedy trial should be resolved "on an appropriate pretrial motion." *Id.* Accordingly, insofar as [the pretrial detainee] sought to challenge the charges against him or the conduct of law-enforcement officers during arrest or interrogation, he was required to do so through pretrial motions in his criminal case, not via a pretrial § 2241 petition. *See id.*

Section 2241 is likewise not the proper vehicle for [a pretrial detainee] to challenge his detention pending trial. The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3150, provides a comprehensive scheme governing pretrial-release decisions. *See generally United States v. Salerno*, 481 U.S. 739, 742-43 [ ] (1987). First, a judicial officer will order the defendant's release or detention. *See* 18 U.S.C. § 3142. If an initial detention order is issued by a magistrate judge, the defendant can file a motion asking the District Court to revoke or amend that order. *See id.* § 3145(b). And, if the District Court denies relief, the defendant can file an appeal, which "shall be determined promptly." *Id.* § 3145(c).

*Reese*, 904 F.3d at 246-47.

Milbourne has not yet been tried in his criminal matter. Federal defendants, such as Milbourne, who seek pretrial release must "do so through the means authorized by the Bail Reform Act, not through a separate § 2241 action." *Reese*, 904 F.3d at 247. In his federal criminal matter, Milbourne still has various avenues of relief available to him. As such, his current habeas claims should be raised through the proper criminal process rather than

4

through a premature habeas petition, and Milbourne may not use § 2241 to evade standard criminal procedures. A § 2241 petition is not the appropriate vehicle to raise the current claims. Thus, even if the Court had jurisdiction to hear Milbourne's habeas claims, they are without merit and foreclosed by the Third Circuit decision in *Reese*.

### III. Conclusion

Consistent with the foregoing, the Court will dismiss the § 2241 petition for writ of habeas corpus without prejudice for lack of jurisdiction. (Doc. 1).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: April 23, 2025